

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

February 25, 1939

Hon. Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Attention: Mr. B. Morris Stevens

Opinion No. O-267

Re: Applicability of Art. 7047e, R.
C. S. to National Banks.

We are in receipt of your letter of February 1, 1939, requesting our opinion as to whether national banks are exempt from paying stamp taxes on secured notes and obligations provided in Art. 7047e, R. C. S.

After providing for the levy of a tax of 10¢ on each $200.00 on certain secured notes and obligations secured by certain liens and providing that no instrument creating a lien shall be filed for record without having stamps affixed thereto, this article then provides that the same shall not apply to "notes and obligations or instruments securing same taken by or on behalf of the United States or any corporate agency or instrumentality of the United States Government in carrying out a governmental purpose as expressed in any Act of the Congress of the United States."

In Federal Land Bank vs. Crosland, 43 Sup. Ct. 385, the Supreme Court held that a similar tax (Ala.) could not be levied as against a Federal Land Bank, the same being an instrumentality of the Government of the United States.

From Des Moines Nat'l Bank vs. Fairweather, et al, 44 Sup. Ct. 23, we quote:

"It is settled that the relation of the national banks to the United States and the purposes intended to be subserved by their creation are such that there can be no taxation, by or under state authority, of the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

banks, their property or the shares of their capital
stock otherwise than in conformity with the terms and
restrictions embodied in the assent given by Congress
to such taxation."

From First Nat. Bank vs. Anderson, 46 Sup. Ct. 135, we quote:

"National banks are not merely private moneyed
institutions, but agencies of the United States created
under its laws to promote its fiscal policies; and
hence the banks, their property, and their shares
cannot be taxed under state authority except as Congress
consents, and then only in conformity with the restric-
tions attached to its consent. Des Moines National
Bank v. Fairweather, 263 U. S. 103, 106, 44 S. Ct. 23,
68 L. Ed. 191, and cases cited. The early legislation
respecting these banks contained a restricted consent,
which afterwards became section 5219 of the Revised
Statutes. By it Congress assented to the taxation of
the shares to their owners under the laws of the State
where the bank was located, subject to the restriction
that 'the taxation shall not be at a greater rate than
is assessed upon other moneyed capital in the hands of
individual citizens of such state,' and further assented
to the taxation of the real property of the bank for
state, county and municipal purposes 'to the same extent,
according to its value, as other real property is taxed.'
This consent thus restricted was in force when the tax
here assailed was levied."

From Gully vs. First Nat. Bank, 81 Fed. (2d) 502, we quote:

"It is thoroughly settled that a national bank
is an instrumentality of the federal government, and
that a state and its subdivisions are wholly without
any power solely by virtue of state law to levy any
tax, direct or indirect, upon such banks, their property,
their franchise, or the shares of their stock. The
only authority to levy any such tax comes from the laws
of Congress now expressed in 12 U.S.C.A. par. 548."

We make reference also to 61 C.J. p. 1542, and 26 R.C.L. 110.

Sec. 548, Title 12, U.S.C.A., gives no authority to the State

to collect such a tax against a national bank.

In view of the above, it is useless to inquire into the question of whether in taking any note or recording any mortgage a national bank is carrying out a governmental purpose, for, regardless of that question, the State is powerless to levy such tax as against national banks. Your question as to whether such banks are exempt from such tax is, therefore, answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/    Glenn R. Lewis
Assistant

GRL:m:bbh

APPROVED
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS